DIXON–WOODS CO. v. BLACK et al.

(Circuit Court, W. D. Pennsylvania. March 19, 1898.)

No. 26.

PATENTS—INFRINGEMENT—GAS STOVES.
    The Ballard patent, No. 465,911, for a gas stove designed for the heating of rooms, which shows in front a hollow slab of fire clay or other refractory material, provided with perforations in its face to form passages or burners for the gas, and some of which are filled with asbestus fiber so disposed that lengths of the same will be distributed over the face of the slab, discloses a novel, effective, and useful combination, which was not anticipated, and is valid. Such patent is not restricted to a construction of the stove in which the asbestus is attached in tufts or bunches, but is infringed by one having the same combination of elements, but in which the asbestus is distributed over the whole burner surface.

This was a suit in equity for infringement of a patent. On final hearing.

Bakewell & Bakewell and James K. Bakewell, for complainant.
J. C. Sturgeon, for defendants.

BUFFINGTON, District Judge. The complainants file this bill to restrain alleged infringement of letters patent No. 465,911 (now owned by them), granted December 29, 1891, to Thomas William Ballard for a gas stove. Respondent's stove and the burner have in combination all the elements of the claim, viz.:

"In a gas stove, the combination of the frame, A, with the hollow slab, B, provided with perforations, C, the burner, E, for supplying a mixture of gas and air to the interior of said slab, the asbestus fiber, D, and the outlet flue, A¹."

And therefore the bill should be sustained unless the claim lacks novelty and patentability, is an aggregation and not a combination, or is to be restricted to an arrangement of asbestus fiber such as is not used by respondent. We do not deem it necessary to discuss in detail the alleged anticipations, but a careful study of them all shows us that none of them discloses the Ballard combination of elements, nor does any show such a combination as would suggest to a mere mechanical improver the change and improvement Ballard made. The use in a stove of asbestus in the manner directed in the specification in combination with a perforated hollow slab burner of the Bunsen type secures novel and desirable effects, in a more complete consumption of gas, uniform spread of flame, a highly pleasing appearance, and increased heat from the same amount of gas. To our mind, the improvement thus made was novel and patentable.

It is alleged, however, that the claim is for a mere aggregation, and not a combination of elements; that the elements constituting the burner do not co-operate with the stove; and that the burner would discharge the same function standing alone in a room. Such contention will not stand the test of close scrutiny. Among other desirable objects in a gas burner heating apartments are heating (and therein

is involved a maximum of heat radiation from a minimum of gas); next, a proper disposition of the products of combustion; and, lastly, a pleasing appearance. Now, while it is true that a burner would present the same appearance, whether set in a stove or on the floor in the middle of a room, and while the heat radiated from it in each place would be substantially the same, it is equally true that, when its usefulness as a heater for a room is considered (and therein its whole utility consists), the absence or presence of an additional modifying element, to wit, means of carrying off the products of combustion or of imperfect combustion, becomes a substantial and indispensable element to the successful working of such a burner. The presence or absence of such an element is a test of practicability. The outlet flue of the apparatus being a necessary modifying element to the use of the burner, not for the burning of gas, but for the utilization for heating purposes of the heat produced by such burning, it follows that the function of the outlet flue does co-operate with the burner, and that the joint co-operation of the two produces the desired result, to wit, a practical means of heating an apartment. That the flue performs the same flue function it does in every other fire is conceded, but that is not the test whether, in connection with other elements, it constitutes an aggregation. A wheel, a piston, or a bolt in a combination turn, oscillate, or transmit power just as they always have; but if they exert such function in a relation of elements, or if their functions are modified or qualified by the working of such other elements, then the whole is such a correlation of modifying agencies as constitutes a combination. Applying this principle to the case in hand, to constitute a combination, the flue need not make the burner burn in a different way, nor the burner need not make the flue perform its function other than its normal way; but if the flue so affects the action of the burner as to thus secure the successful use of the burner as a means of heating an apartment, then the outlet flue is not a mere addition which can be used or dispensed with at will,—a mere independent addendum, —but is an intrinsic and indispensable element in securing the desired end. The burner could not accomplish this result alone. No more could the flue. Their union and joint co-operation secured an end which neither could by itself effect, viz. a practical and useful means of heating an apartment.

The objection that the patent contemplates the placing of tufts or separate bunches of asbestus on the face of the slab, and not such an intermingling of asbestus fiber as is shown on respondents' device, is not well taken. That the latter course was taught by the patent is clear from the specifications. Indeed, the avowed purpose of the patentee was "a more even diffusion of flame in heating the asbestus fiber and fire clay over the whole heating surface of the stove." He further says, "Certain of the perforations are filled or partly filled with asbestus fiber, D, so disposed that lengths of the same will be distributed over the front surface of the slab." Further on he adds that the mixture of gas and air "will issue through the perforations left open in the front of the slab, and when ignited at the said perforations the flames will play uniformly over the whole front surface among

the asbestus fiber, and so diffuse a uniform heat thereto." After full consideration, we are of the opinion the patent is valid, and a decree should be entered for complainant.