### DIXON-WOODS CO. v. REINEKE et al.

(Circuit Court, W. D. Pennsylvania. November 24, 1899.)

#### No. 17.

PATENTS—INFRINGEMENT—GAS STOVES.
    The Ballard patent, No. 465,911, for a gas stove, *held* not anticipated, valid, and infringed.

This was a suit in equity for infringement of a patent. On final hearing.

Bakewell & Bakewell and James K. Bakewell, for complainant.
James Negley Cooke and John H. Roney, for defendants.

BUFFINGTON, District Judge. This bill seeks to restrain alleged infringement of letters patent for a gas stove, numbered 465,911, now owned by complainant, granted December 29, 1891, to Thomas W. Ballard. This patent was before this court in Dixon-Woods Co. v. Black (No. 26, May term, 1897), 102 Fed. 346, where its validity was sustained. The opinion there filed is incorporated in, and made part of, the present one. It was then contended that the claim did not cover spreading asbestus over the whole burner surface; that it was restricted to isolated tufts or separated bunches on the burner face. The additional evidence now before us leads to no change of opinion from the conclusions there reached. It is strongly urged that the English patent of Boggett & Pettit (No. 14,333), of 1852, anticipates Ballard. To do so, it must disclose a substantial representation of Ballard's device, in such full and clear terms as would enable one skilled in the art to practice his invention without the necessity of experimenting. Seymour v. Osborne, 11 Wall. 516, 20 L. Ed. 33; Hanifen v. E. H. Godshalk Co., 28 C. C. A. 507, 84 Fed. 649. Tested by this standard, the Boggett & Pettit patent falls short. We are wholly unable, owing to the vague and indefinite character of Figs. 1 and 2, to ascertain the exact working construction intended. Judging from the drawings alone, it is uncertain whether there is an upward flow of gas over the face of the burner, and a carrying off of the products of combustion by a flue at the burner top. The description, however, states that the bars in which are the gas-emitting holes "are arranged perpendicularly side by side, with a space about a quarter of an inch between, and inclosed in a frame to form the front of a gas fire. The frame is carefully inclosed, except in front; and the air, having no other access to the flues, rushes with great velocity between the bars, and in the direction of the arrows, so soon as the gas is lighted, carrying with it all the products of combustion." As we have said, the exact location of the flues is uncertain, and counsel have plausible

reasons for widely differing ones. But, be they where they may, it is indisputable that, in whatever manner the air carrying all the products of combustion ultimately reaches the flues, such air initially, to wit, "as soon as the fire is lighted, * * * rushes with great velocity between the bars." Such a device is constructively and functionally different from Ballard's in which no air can pass backward through openings in the burner face, but an unbroken front is shown, over which the products of combustion are drawn upward to a single flue in order to secure the desired functional result. The patent being valid, we are of opinion the respondents' burner embodies the elements of Ballard's claim, and infringes the same. Therefore, let a decree be drawn.